United States District Court
Southern District of Texas
**ENTERED**
June 03, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **KEITH MARTIN,** | § |
| *Plaintiff,* | § § § |
| | § CIVIL ACTION NO: 4:21-cv-00295 |
| v. | § § |
| **CITY OF HOUSTON, TEXAS and, INDIVIDUALLY, AARON PETTY, and JOHN SANDERS** | § JURY TRIAL DEMANDED § § § |
| *Defendants.* | § |

## CONFIDENTIALITY AND PROTECTIVE ORDER

Before the Court is Plaintiff Keith Martin and Defendant City of Houston's Joint Motion for Entry of a Confidentiality and Protective Order ("Order"). After careful consideration, the Court is of the opinion that said Order should be GRANTED.

IT IS HEREBY, ORDERED AND DECREED that until this Order is amended or suspended, that the following restrictions and procedures apply to certain information, documents and excerpts from documents that the parties produce to each other during initial disclosures and in response to discovery requests:

1. **"Confidential Information"** means information, documents, or things that the disclosing party reasonably and in good faith believes contains or comprises: (a) law enforcement privileged information under state or federal law; (b) information that is defined as or deemed confidential under applicable state or federal law; or (c) information implicating an individual's legitimate expectation of privacy. The party making such designation shall stamp the documents or information with indication of **"CONFIDENTIAL."**

2. The parties shall make a good faith effort to resolve any challenge to another party's confidentiality designation. The challenging party may seek resolution by the Court in the absence of agreement.

3. Unless otherwise ordered by the Court or provided for in this Order, any party receiving Confidential Information must hold and maintain such information or document solely for use in connection with this action. Confidential Information shall not be used or employed for the purpose of any other action, use or proceeding, or for any commercial, business or other purpose whatsoever. Additionally, parties must not disclose the information or document to any other

person. Information or documents designated as "confidential" shall not be disclosed to any person, except:

    a.     The requesting party and counsel, including outside and/or in-house counsel;

    b.     Employees of such counsel assigned to and necessary to assist in the litigation;

    c.     Consultants or experts retained by either party to the extent deemed necessary by retaining counsel;

    d.     Any person from whom testimony is taken or is to be taken in this matter, but such a person may only be shown Confidential Information during and in preparation for testimony and may not retain the Confidential Information; and

    e.     The Court, including any clerk, stenographer, or other person having access to Confidential Information by virtue of his or her position with the Court, and including the jury at trial or as exhibits to motions.

    f.     Other Courts, and other Courts' staffs involved in this litigation (e.g., appellate courts);

    g.     A non-party who will arrange or copying and dissemination of the documents pursuant to this Order (i.e. a copy service).

4.     Prior to disclosing or displaying Confidential Information to any persons identified in Paragraphs 4(a), (b), (c), and (d), counsel shall:

    a.     Inform the person of the confidential nature of the information and documents; and

    b.     Inform the person that this Court has enjoined the use of the information or documents for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

5.     Prior to disclosing or displaying Confidential Information to any persons identified in Paragraphs 4(c) and (d), counsel shall also obtain a signed agreement binding the person to this Order in the form attached as Exhibit A-1. The party desiring to disclose Confidential Information may seek appropriate relief from the Court in the event such person refuses to sign an agreement.

6.     The disclosure of a document or information without designating it as Confidential Information <u>shall not</u> constitute a waiver of the right to later designate such document or information provided that the producing party designates such material as Confidential Information no later than fourteen days after the close of discovery. Upon such designation, all parties must treat such document or information as Confidential Information. No producing party may hold a receiving party accountable for any use or disclosure prior to such designation. The party designating Confidential Information as "**CONFIDENTIAL**" will designate by bate-stamp number at time of production and shall not designate any other material "**CONFIDENTIAL**."

7.     **Manner of Use in Proceedings.** In the event a party wishes to use any Confidential Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following:

    a.    With the consent of the producing party, file only a redacted copy of the information;

    b.    Where appropriate (e.g., in connection with discovery and evidentiary motions) provide information solely for *in camera* review; or

    c.    File such information under seal with the Court consistent with the sealing requirements of the Court.

    d.    **Disclosure of Depositions.** Information disclosed at the deposition of a party or non-party, including experts, may be designated by any party as Confidential Information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" and is subject to the provisions of this Order.

        (1)    Any party also may designate information disclosed at a deposition as Confidential Information by notifying all parties in writing not later than thirty days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as confidential thereafter. Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, control or custody.

8.    **Sealing Requirements.** Any party seeking to file under seal any pleading, brief, or supporting material containing Confidential Information must obtain permission of the Court. The Court allows such filing only on showing of exceptional circumstances. Any party seeking to seal Confidential Information must:

    a.    File a sealed motion explaining to the Court the justification for preventing public disclosure of the information;

    b.    Attach the filing proposed for permanent seal on the docket;

    c.    Attach a redacted version suitable to and proposed for filing on the public docket or explanation why redaction is not possible; and

    d.    Absent alternate permission, identify the filing with a title and designation of "SEALED" on the CM/ECF System (viz., "Motion for Summary Judgment (SEALED)," and not simply "SEALED DOCUMENT").

The Court promptly considers such motions and directs filings under seal or on the public docket as appropriate. Anticipate and seek resolution of such motion in advance of filing deadlines.

9.    The foregoing is without prejudice to the right of any party to apply to the Court for an order to:

    a.    Further protect Confidential Information;

    b.    Seek protection regarding the production of documents or information;

    a.    Compel production of documents or information; or

    b.    Modify this Order.

10.     Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party maintains its right to object to the use or admissibility of all Confidential Information pursuant to applicable law and rules.

11.     Within thirty days after entry of final judgment no longer subject to further appeal, each party shall return all Confidential Information and any copies to the producing party or provide certification of its destruction. Each parties' counsel may retain their working files on the condition that those files will remain confidential.

12.     **The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained in this Order is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.**

13.     Any party may enforce this Order by motion to the Court. Any violation may result in the imposition of sanctions.

SIGNED on ___June 3___, 2021 at Houston, Texas.

Peter Bray
United States Magistrate Judge

## EXHIBIT 1-A

## DECLARATION OF CONFIDENTIALITY AND NON-DISCLOSURE

Counsel for _____ intends to disclose to me documents or information in connection with the matter entitled _____.

Counsel has informed me that a party has designated some of those documents or information as confidential. I understand that any of the documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I acknowledge that I have received and read the Confidentiality and Protective Order entered by the Court on _____. I agree that I will not disclose to any other person any documents labeled "CONFIDENTIAL" or information contained in those documents. I also agree not to use those documents or information for any purpose other than this litigation.

Signed: _____
Print Name: _____
Dated: _____

Signed in the presence of:

_____
Printed Name: _____
Attorney for _____