United States District Court
Southern District of Texas
**ENTERED**
November 29, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH MARTIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-21-295 |
| | § | |
| AARON PETTY et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Defendant City of Houston's Motion to Dismiss, and in the Alternative, Motion for Monetary Sanctions (Document No. 35). Having considered the motion, submissions, and applicable law, the Court determines Defendant City of Houston's motion should be granted.

### I. BACKGROUND

This is a civil rights case involving the alleged use of excessive force. On January 9, 2020, Plaintiff Keith Martin, Sr. ("Martin") approached a vehicle, sitting in which were two undercover Houston Police Department ("HPD") officers, Defendants Aaron Petty ("Petty") and John Sanders ("Sanders") (collectively, "Officer Defendants"). Officer Defendants were conducting an undercover narcotics investigation when Martin approached the vehicle. Petty alleges Martin made threats causing him to fear for his life. Subsequently, Petty shot Martin four times and

arrested Martin for making terroristic threats.

Based on the foregoing, on January 29, 2021, Martin commenced this action against Officer Defendants and Defendant the City of Houston (the "City") (collectively, the "Defendants"), contending the Defendants violated his constitutional rights under 42 U.S.C. § 1983. Martin seeks actual and punitive damages, as well as attorney's fees. On April 2, 2021, the City moved to dismiss Martin's claims against the City. On April 14, 2021, Officer Defendants moved to dismiss Martin's claims against them. On July 16, 2021 Martin late filed his expert witness designation and moved for leave to late file his designations. On July 20, 2021, the City moved to strike Martin's late filed expert designations. On October 7, 2021, the Court dismissed Officer Defendants. On October 14, 2021, the City moved for sanctions against Martin for repeatedly failing to appear for his deposition.

## II. LAW & ANALYSIS

The City contends Martin's action should be dismissed as a sanction for his failure to appear four times for his properly noticed deposition. Federal courts have the inherent power to impose reasonable and appropriate sanctions to punish parties for failure to obey a court order. *Timms v. LZM, L.L.C.*, 657 F. App'x 228, 230 (5th Cir. 2016) (per curiam) (citing *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 86 F.3d 464, 467 (5th Cir. 1996)). A Court may sanction a party for failing to

attend his own properly noticed deposition. Fed. R. Civ. P. 37 (d)(1). "Rule 41(b) allows the district court to dismiss an action upon the motion of a defendant, or upon its own motion, for failure to prosecute." *Berry v. CIGNA/RSI–CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *see also* Fed. R. Civ. P. 41(b). The imposition of lesser sanctions (such as fines or dismissal without prejudice) are usually appropriate before imposing severe sanctions, such as a dismissal with prejudice. *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008). A dismissal with prejudice requires a showing: (1) of "a clear record of delay or contumacious conduct by the plaintiff;" and (2) that "lesser sanctions would not serve the best interests of justice." *Morris v. Oceans Sys., Inc.*, 730 F.2d 248, 252 (5th Cir. 1984). The presence of one or more "aggravating factors" bolsters a dismissal with prejudice. *Id.* Those "aggravating factors" include: "(1) the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay[;] (2) the degree of actual prejudice to the defendant[;] and (3) whether the delay was the result of intentional conduct." *Id.*

On October 18, 2021, the Court ordered Martin to produce an expert report for his police practices expert, Andrew Scott, within two weeks of the signing of that Order.[1] It is undisputed Martin failed to do so. On August 11, 2021, the City properly

---

[1] *Order*, Document No. 36.

noticed Martin's deposition on August 23, 2021.[2] Martin's counsel, Andre Evans ("Evans"), confirmed his attendance at the August 23, 2021 deposition. On August 23, 2021, Martin did not appear. A Certificate of Non-Appearance was taken, during which Evans agreed, on Martin's behalf, to September 1, 2021 as the new date for Martin's deposition.[3] Since the City and Evans on the record to the September 1, 2021 date, the City did not send a notice of deposition. On September 1, 2021, Martin did not appear for the deposition, and a Certificate of Non-Appearance was taken.[4] The City alleges it followed the proper procedures to depose Martin in the Harris County Jail (the "Jail") where Martin was incarcerated at the time. On September 1, 2021, the City properly noticed Martin's deposition on September 9, 2021.[5] On September 9, 2021, Martin appeared and was deposed from approximately 9:00 a.m. to 1:55 p.m., but due to the Jail's restrictions and Evans' availability, the parties agreed to end the deposition early and continue the deposition at a later date.[6] The

---

[2] *See Defendant City of Houston's Motion to Dismiss, and in the Alternative, Motion for Monetary Sanctions*, Document No. 35, Exhibit 1.

[3] *Defendant City of Houston's Motion to Dismiss, and in the Alternative, Motion for Monetary Sanctions*, Document No. 35, Exhibit 3 at 1–3.

[4] *See Defendant City of Houston's Motion to Dismiss, and in the Alternative, Motion for Monetary Sanctions*, Document No. 35, Exhibit 5.

[5] *See Defendant City of Houston's Motion to Dismiss, and in the Alternative, Motion for Monetary Sanctions*, Document No. 35, Exhibit 6.

[6] *Defendant City of Houston's Motion to Dismiss, and in the Alternative, Motion for Monetary Sanctions*, Document No. 35, ¶ 5.

City and Evans agreed to continue the deposition on September 23, 2021.[7] On September 10, 2021, the City properly noticed the continuation of Martin's deposition on September 23, 2021.[8] On September 23, 2021, neither Martin nor Evans appeared. Evans did not return the City's email or voicemail message prior to the Certificate of Non-Appearance being taken.[9] On October 6, 2021, the City properly noticed the continuation of Martin's deposition on October 12, 2021.[10] On October 12, 2021, Martin did not appear, and a Certificate of Non-Appearance was taken.[11] Evans later the City the reason for Martin's failure to appear was due to hearing in criminal court the same day.[12]

The City contends Martin's repeated failure to appear for his own deposition coupled with his failure to comply with the Court's order indicate Martin's

---

[7] *See Defendant City of Houston's Motion to Dismiss, and in the Alternative, Motion for Monetary Sanctions*, Document No. 35, Exhibit 7.

[8] *See Defendant City of Houston's Motion to Dismiss, and in the Alternative, Motion for Monetary Sanctions*, Document No. 35, Exhibit 8.

[9] *See Defendant City of Houston's Motion to Dismiss, and in the Alternative, Motion for Monetary Sanctions*, Document No. 35, Exhibit 9.

[10] *See Defendant City of Houston's Motion to Dismiss, and in the Alternative, Motion for Monetary Sanctions*, Document No. 35, Exhibit 10.

[11] *See Defendant City of Houston's Motion to Dismiss, and in the Alternative, Motion for Monetary Sanctions*, Document No. 35, Exhibit 11.

[12] *Defendant City of Houston's Motion to Dismiss, and in the Alternative, Motion for Monetary Sanctions*, Document No. 35, ¶7.

intentional failure to prosecute his own case, which has actually prejudiced the City. Notably, Martin did not respond to the City's motion. Failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. However, Evans represented to the Court Martin's failure to attend was due to misunderstandings and logistical issues but failed to elaborate or present substantiating evidence. Since Martin was incarcerated in the Jail during the timeframe in which the City attempted to depose him, the City alleges it followed all of the Jail's procedures which Martin does not refute. Further, the City was able to successfully depose Martin in part, which indicates the City actually followed the Jail's procedures. From this, the Court can infer Martin's repeated failure to attend his own properly noticed deposition was due to his own intentional conduct and not the fault of the City or Evans.

Further, as the plaintiff in this case, Martin is a key fact witness whom the City is entitled to depose. Martin's testimony regarding the shooting incident and his subsequent arrest are pivotal to his claims. Martin's repeated failure to attend his own deposition deprived the City of important factual discovery necessary for its defense. The City contends this intentional delay in the discovery process has prejudiced the City, and lesser sanctions would not suffice based on Martin's past behavior. Additionally, Martin failed to timely designate his key expert witness and instead of striking his expert designation, the Court ordered Martin to produce the report on or before November 1, 2021. Martin failed to do so, again depriving the

City of the ability to mount an adequate defense. Thus, the Court finds Martin's repeated failure to attend his own deposition and refusal to comply with the Court's order establish a pattern of intentional, contumacious conduct by Martin. The Court further finds Martin's failure to comply with the Court's order and the delay Martin caused in the discovery process actually prejudiced the City. Given Martin's repeated noncompliance and intentional delay, the Court also finds lesser sanctions would not serve the best interests of justice in this case. Therefore, the Court finds dismissal without prejudice is an adequate and appropriate remedy in this case. Accordingly, the City's motion to dismiss is granted.

### III. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant City of Houston's Motion to Dismiss, and in the alternative, Motion for Monetary Sanctions (Document No. 35) is **GRANTED**. The Court further

**ORDERS** that Plaintiff Keith Martin, Sr.'s claims against Defendant City of Houston are **DISMISSED WITH PREJUDICE.**

**THIS IS A FINAL JUDGMENT.**

SIGNED at Houston, Texas, on this 29 day of November, 2021.

*David Hittner*
DAVID HITTNER
United States District Judge